EDWARD BORGES *vs.* JOHN A. CORY, *Adm'r.*

JULY 27, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   This is an action of trespass on the case for negligence to recover damages for personal injuries resulting from the alleged negligent operation of an automobile by the defendant's intestate.   In the superior court the defendant's substantial demurrer to the declaration was sustained and the case is before this court on the plaintiff's exception to such decision.

The declaration is in four counts, each of which alleges substantially that plaintiff on June 12, 1947 was a guest passenger in an automobile owned and operated by Joseph J. Raposa, late of the town of Portsmouth in this state, deceased; that plaintiff was at all times in the exercise of due care; and that by reason of the negligent operation of such car by Raposa plaintiff received personal and permanent injuries and sustained other loss and damage. The declaration further alleges that said Raposa died on

June 12, 1947, the date of the accident; that on August 11, 1947 defendant was appointed administrator of his estate by the probate court of Portsmouth; that the first publication of notice of such appointment was made on August 28, 1947; that within six months of such first publication plaintiff duly filed a statement of his claim against the estate; that subsequently, on March 15, 1949, said probate court entered a decree granting the administrator leave to disallow plaintiff's claim on or before April 11, 1949; and that on or before that date defendant duly filed a statement in writing disallowing said claim and notified plaintiff thereof according to law.

It is further alleged that the estate has not been represented as insolvent; that no commissioner has been appointed; and that plaintiff within six months after notice of such disallowance commenced the instant action by writ of summons dated August 4, 1949, returnable to the superior court for the county of Newport on September 7, 1949.

To each count of the declaration the defendant filed a demurrer setting forth: "1. Said declaration does not state facts sufficient to constitute a cause of action. 2. It appears in and by said declaration that the plaintiff did not commence his suit within the two years from the date of his alleged injury." In the superior court, as here, defendant relied on the second ground of the demurrer.

The trial justice held in substance and effect that general laws 1938, chapter 510, §1, which is the general statute of limitations, was applicable in these circumstances and that the provision of G. L. 1938, chap. 578, §11, authorizing suits on a disallowed claim to be brought within six months after notice of disallowance, was of no avail to the plaintiff in view of the general statute and chap. 510, §8, as construed in *MacNeill* v. *Gallagher*, 24 R. I. 491.

In this court plaintiff does not dispute defendant's right to invoke the statute of limitations by way of demurrer when it appears to be applicable upon the face of the declaration. See *Warren* v. *Providence Tool Co.*, 19 R. I.

360. But he contends that according to the pertinent statute his cause of action survived the death of the tortfeasor; that he was required by G. L. 1938, chap. 578, §§3, 11, to file his claim against the tortfeasor's estate and to commence suit thereon within six months after the disallowance thereof; that under the probate statutes the disallowance of a claim is a condition precedent to the commencement of any action thereon; and that such condition is to be treated as a special statute of limitations which supersedes the general statute of limitations whenever they are in conflict. In support of this contention generally he cites certain cases from other jurisdictions and also seeks to distinguish the case of *MacNeill* v. *Gallagher, supra*. In that connection he argues that the suit there was commenced after *both* the general statute and the special statute of limitations in probate procedure had run, whereas in the instant case suit was commenced within six months of the date of the actual disallowance of his claim .

On the other hand defendant contends that the general statute of limitations, chap. 510, §1, always prevails unless specifically superseded; that such statute required suit in a case of tort, as here, to be brought within two years from the accident, excepting only in those cases which might be governed by chap. 510, §8; and that conditions provided in probate procedure are not intended to supersede the general or other exceptional statute of limitations, citing *MacNeill* v. *Gallagher, supra*. He also argues that in any event there was a reasonable time after disallowance in which plaintiff could have commenced suit before the general statute barred his claim, and that chap. 578, §§3, 11, requires the filing of a claim but does not prevent the commencement of suit before disallowance thereof if the claim would be otherwise barred by the general statute of limitations.

In our opinion chap. 510, §8, relied on to some extent by both defendant and the justice of the superior court, is not applicable to the circumstances appearing in the pleadings

of the instant case. The history of that chapter is referred to in the case of *MacNeill* v. *Gallagher, supra,* where it was held that the pertinent provision was "in the nature of an exception to the general law, to give further. time to a creditor when, by reason of the death of a debtor *and the lack* of an administrator, he might lose his right of action by the running of the statute." (italics ours)

It is also apparent from the court's discussion in that case that chap. 510, §8, was held to apply as an exception to the general statute of limitations and to certain probate limitations, but only in those cases where the claims might become barred by the general statute within the year from the death of the testator. This is clear from the statement therein: "Under the present statute the year begins to run with the death of the debtor. If no administration is taken out, a creditor is thus given time to apply for it; but his time cannot go beyond the year *if his claim would then be barred by the general statute.*" (italics ours) From the last statement and other language of that opinion it would appear that if such an action were not previously barred and would not be barred by the general statute of limitations within the year from the death of the intestate, then section 8 of the statute under consideration would not apply.

At any rate in our judgment chap. 510, §8, was intended by the legislature for the relief of certain claimants in the circumstances described in the case of *MacNeill* v. *Gallagher, supra.* Consequently, that section would not apply in the instant case because the tortfeasor died on the day the action accrued, an administrator of his estate was promptly appointed, plaintiff's claim was duly filed within six months, and such claim would not be barred by the general statute of limitations within the year from the death of the tortfeasor. Indeed it would not have been barred before two years from the date of the debtor's death.

The real question in the instant case arises because of the administrator's delay in disallowing plaintiff's claim.

Under the provisions of chap. 578, §6, as amended by public laws 1941, chap. 1003, the administrator should have disallowed the claim within six months and thirty days of the notice of his appointment, that is, on or before March 29, 1948. However, he did not disallow the claim until on or before April 11, 1949 when his statement of disallowance was filed out of time pursuant to special permission granted by the probate court under said chapter.

Under the statute as it existed just prior to 1915 the failure of an administrator to disallow a duly filed claim within the time prescribed by statute constituted an allowance of the claim, at least as to liability, unless the administrator was able to establish by newly discovered evidence a reason for disallowance that was not theretofore available. *Probate Court of Coventry* v. *Sweet*, 35 R. I. 291; *Hicks* v. *Wilbur*, 38 R. I. 268. Apparently to relieve an administrator from the possible harshness of that result public laws 1915, chapter 1260, was enacted. Under that statute, which is presently G. L. 1938, chap. 578, §6, an administrator before distribution may on petition, with notice and after a hearing obtain from the probate court permission to disallow a claim out of time. It should be noted, however, that the authority thus given to the probate court to permit the disallowance of a claim out of time is not unlimited but is expressly qualified in effect by the concluding clause of the same paragraph which reads: "* * * and if such leave is granted, such claim may be disallowed as aforesaid within such time as is fixed by said court *with the same effect as if the same had been so disallowed within the time prescribed by this section.*" (italics ours)

But "the same effect" cannot be achieved uniformly and equitably unless the quoted qualification is construed to have been intended to apply to *both* parties so as to place them, in relation to the status of the disallowed claim, in substantially the same positions they would have occupied if the claim had been disallowed within the time prescribed

by the statute. Otherwise an administrator who was guilty of delay in filing his statement of disallowance would be relieved of an obligation designed to effectuate prompt settlement of estates. By the same token a claimant who had not been guilty of delay or default would be penalized by a material cutting down of the time ordinarily available for the commencement of his action after disallowance of the claim. In our judgment the legislature did not intend such a discrimination.

Defendant argues, however, that plaintiff here had a reasonable time after the disallowance, that is, two months, in which to bring his action before the general statute of limitations would have barred his claim. While the present plaintiff might have had such a reasonable time, conceivably a claimant against some other estate might have his claim disallowed out of time within a day or two of the date when it would be barred by the general statute. In our judgment the statute under consideration should be given a more uniform and general application and all provisions of both statutes should be given reasonable effect if possible.

This can be done if we construe the language of section 6 as intended to receive a uniform and equitable application. Under that view the discretion of a probate court in permitting the disallowance of a claim out of time is exercised subject to the qualification, as expressed in the statute, that such disallowance will have the same effect as if it were filed within the period prescribed by the statute, and that in relation to the claim both parties, as nearly as may be, will be placed in the same positions as they would have occupied had the claim been disallowed in time.

In other words in a case like the one at bar the effect of the qualifying language in section 6 would be to suspend the operation of the general statute of limitations from the date when the administrator should have disallowed the claim under the pertinent provision of that section and the time when he actually filed his disallowance out of

time with permission of the court under the later provision of said section. In our judgment such an interpretation gives reasonable effect to all provisions of section 6 and, as far as equitably possible, to both the statute of general limitations and the special conditions or limitations in our probate statute and practice.

The plaintiff's exception is sustained, the decision sustaining the defendant's demurrer is reversed, and the case is remitted to the superior court for further proceedings.

*Cornelius C. Moore, Salvatore L. Virgadamo,* for plaintiff.
*Francis V. Reynolds, Joseph V. Cavanagh,* for defendant.